# **<u>EXHIBIT 1</u>**

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.1:24-cv-00642-NRN

RACHEL WILLIAMS and
GENOVEVA MILTON, individually
and on behalf of all others similarly situated,

     Plaintiffs,

v.

AIR METHODS, LLC,

     Defendant.

---

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

---

Plaintiffs Rachel Williams and Genoveva Milton ("Plaintiffs" or "Class Representatives"), on behalf of themselves and all others similarly situated, and Defendant Air Methods, LLC ("Defendant" or "Air Methods") (collectively, the "Parties"), hereby enter into this Class Action Settlement Agreement and Release ("Settlement Agreement" or "Agreement"), subject to Court approval. As detailed below, this Settlement Agreement releases and forever discharges and bars all claims asserted (or claims that could have been asserted) in the class action lawsuit captioned, *Williams et al. v. Air Methods*, *LLC*, Civil Action No.1:24-cv-00642-NRN, currently pending in the United States District Court for the District of Colorado and any related actions.

### I.    RECITALS

**WHEREAS**, on July 11, 2024, Plaintiffs, on behalf of themselves and purportedly a nationwide Class (as defined below), filed a Second Amended Putative Class Action Complaint (the "Operative Complaint") against Air Methods in the United States District Court for the

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

District of Colorado, asserting causes of action for (1) Negligence, (2) Negligence *Per Se*, (3) Breach of Implied Contract, and (4) Unjust Enrichment;

**WHEREAS,** the Parties engaged in adversarial, arm's length negotiations between competent counsel for all Parties;

**WHEREAS**, in Operative Complaint, the Class Representatives seek to certify the following class, for purposes of settlement only:

> All individuals who received direct notice that their Personal Information may have been implicated in the November 2023 Security Incident.

**WHEREAS**, Defendant denies each and all of the claims and contentions alleged against it in the Operative Complaint. Defendant denies all charges of wrongdoing or liability as alleged, or which could be alleged. Despite this, Defendant has concluded that further litigation would be protracted and expensive, and that it is desirable that this matter be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. The Parties recognized that the outcome of litigation is uncertain, and the Parties agree that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement;

**WHEREAS**, the Parties have explored and discussed at length the factual and legal issues in the Action and engaged in good faith, arm's length negotiations concerning the issues raised by Plaintiffs in the Action, and have agreed to a global, final settlement of the Action that renders the need for further litigation unnecessary;

**WHEREAS**, the Parties desire to compromise and settle all issues, claims, and/or facts asserted in the Action, or that could have been asserted based upon the facts alleged in the Action, by or on behalf of Class Representatives and the Class;

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

**WHEREAS**, Class Representatives, by and through Class Counsel, have (a) made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the Action, (b) engaged in investigation of the claims asserted in the Action, including informal discovery obtained by Class Representatives in connection with the Action and prior to execution of this Agreement, and (c) evaluated and considered the law applicable to the claims asserted in the Action, including the defenses that Air Methods likely would assert;

**WHEREAS**, Plaintiffs' counsel are experienced in this type of class litigation, recognize the costs and risks of prosecution of this Action, and believe that it is in Class Representatives' interest, and the interest of all Settlement Class Members, to resolve this Action, and any and all claims against Air Methods arising from the conduct alleged in the Action, and in this Settlement Agreement;

**WHEREAS**, significant arm's-length settlement negotiations have taken place between the Parties and, as a result, this Settlement Agreement has been reached without collusion, subject to the Court-approval process set forth herein;

**WHEREAS**, the undersigned Parties believe this Settlement Agreement offers significant benefits to Settlement Class Members and is fair, reasonable, adequate and in the best interest of Settlement Class Members; and

**WHEREAS**, this Settlement Agreement is made and entered into by and between Class Representatives, individually and on behalf of the Class, and Air Methods;

**NOW, THEREFORE**, it is hereby stipulated and agreed, by and between the Parties, as follows:

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

## II.   <u>**DEFINITIONS**</u>

As used in this Settlement Agreement, the following terms shall have the meanings set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1.      "Action" means the case captioned *Williams et al. v. Air Methods, LLC*, Civil Action No.1:24-cv-00642-NRN, currently pending in the United States District Court for the District of Colorado and any related actions.

2.      "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec. 1711, *et seq.* ("CAFA"), to be served upon the appropriate State official in each State where Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid from the Settlement Fund.

3.      "Claim Deadline" means the postmark and/or online submission deadline for claims, which shall be ninety (90) days after the Class Notice Date. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, Postcard Notice, and the Claim Form.

4.       "Claim Form" means the form that will be used by Settlement Class Members to submit a claim under this Agreement, substantially in the form as shown in **Exhibit A** to this Settlement.

5.      "Class Counsel" means David K. Lietz and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC.

6.      "Class Notice Date" means thirty (30) days after the Court's entry of the Preliminary Approval Order.

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

7.      "Class Representatives" or "Plaintiffs" means Rachel Williams and Genoveva Milton.

8.      "Court" means the United States District Court for the District of Colorado and the Honorable Reid M. Neureiter or such other judge to whom the Action may hereafter be assigned.

9.      "Defendant" means Air Methods, LLC.

10.     "Defendant's Counsel" or "Air Method's Counsel" means Casie D. Collignon and Keeley O. Cronin of Baker & Hostetler LLP.

11.      "Effective Date" means the date upon which the Settlement in the Action shall become effective and final, and occurs when the Final Approval Order, as defined in Paragraph 12 below, has been entered and all times to appeal therefrom have expired with (1) no appeal or other review proceeding having been commenced; or (2) an appeal or other review proceeding having been commenced, and such appeal or other review having been concluded such that it is no longer subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been resolved in a manner that affirms the Final Judgment in all material respects. The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, Plaintiffs' Counsel's Fees and Expenses or the Service Awards. Further, the Effective Date shall not be altered in the event that an appeal is filed with the sole issue(s) on appeal being Plaintiffs' Counsel's Fees and Expenses and/or the Service Awards.

12.     "Final Approval Hearing" means the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order and at which the Court will consider Class Counsel's request for payment of any Service Awards and Plaintiffs' Counsel's Fees and Expenses.

13.     "Final Approval Order" means the Final Approval Order and separate Judgment of the Court approving this Settlement Agreement and make such other final rulings as are contemplated by this Settlement Agreement.

14.     "Long Form Notice" means the Court-approved long-form notice of settlement to be posted on the Settlement Website, substantially in the form as shown in **Exhibit B** to this Settlement, informing the Class of, among other things (i) the preliminary approval of the Settlement, (ii) the scheduling of the Final Approval Hearing, (iii) the Settlement benefits available to Settlement Class Members, and (iv) their opportunity to participate in, object to or exclude themselves from the Settlement.

15.     "Objection Date" means the date by which members of the Settlement Class may file with the Court through the Court's electronic case filing ("ECF") system and mail to Class Counsel and Defendant's Counsel their objection to the settlement. The postmark date shall constitute evidence of the date of mailing for these purposes. The Objection Date shall be sixty (60) days from the Class Notice Date.

16.     "Parties" means Plaintiffs and Defendant.

17.     "Plaintiffs' Counsel's Fees and Expenses" means an amount not to exceed one third of the gross settlement amount, or eighty thousand dollars ($80,000), for attorneys' fees and Plaintiffs' Counsel's reasonable litigation costs, to be paid from the Settlement Fund, subject to approval of the Court.

18.     "Postcard Notice" means the notice of the proposed class action settlement, substantially in the form as shown in **Exhibit C** to this Settlement. The Postcard Notice will direct recipients to the Settlement Website where individuals may obtain additional details of the

proposed Settlement and the Claim Form where Settlement Class Members may make a claim for monetary benefits.

19.    "Preliminary Approval Order" means the order of the Court preliminarily approving this Settlement Agreement, substantially in the form as shown in **Exhibit D** to this Settlement.

20.    "Personal Information" means name, date of service, the Air Methods reference number, contact information, insurance information, and/or diagnosis or treatment information.

21.    "Released Claims" means the claims released by this Settlement Agreement, as set forth in Section IX.

22.    "Released Parties" means Defendant's past, present, and future parents, subsidiaries, divisions, customers, partnerships, joint ventures, affiliates, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, assigns, employees, servants, members, providers, partners, principals, officers, directors, shareholders, owners, heirs, executors, administrators, personal representatives, insurers, and reinsurers, and trustees of such entities, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Action, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

23.    "Request for Exclusion" means a timely and valid request by any Settlement Class Member for exclusion from the Settlement.

24.    "Request for Exclusion Deadline" or "Opt-Out Deadline" means the date by which members of the Settlement Class must mail to the Settlement Administrator their request to be

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

excluded from the Settlement Class for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Request for Exclusion Deadline shall be sixty (60) days from the Class Notice Date.

25.    "Security Incident" means the November 2023 incident in which a criminal third-party stole a laptop that may have contained certain patient information.

26.    "Service Awards" means the amount to be paid to the Class Representatives to compensate them for the time and effort spent pursuing the Action on behalf of the Settlement Class, subject to approval of the Court, and which shall not exceed an amount of two thousand five hundred dollars ($2,500) to each Class Representative. The Service Awards shall be paid from the Settlement Fund.

27.    "Settlement" and "Settlement Agreement" mean the agreement by the Parties to resolve this Action, the terms of which have been memorialized herein.

28.    "Settlement Administration" means the processing of payments to Settlement Class Members by the Settlement Administrator.

29.    "Settlement Administrator" means, subject to Court approval, Simpluris, a company experienced in administering class action claims generally and specifically those of the type provided for in this Action.

30.    "Settlement Class" means the approximately 24,568 individuals who received direct notification that their Personal Information may have been implicated in the Security Incident. Excluded from the Settlement Class are the following individuals and/or entities: (1) Air Methods, LLC and its officers and directors; (2) all Persons who submit a timely and valid Request for Exclusion from the Settlement Class; (3) the Court; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the

criminal activity occurrence of the Security Incident, or who pleads *nolo contendere* to any such charge.

31.    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class.

32.    "Settlement Fund" means a non-reversionary common fund to be funded by Defendant in the amount of $240,000, which shall be deposited into an Escrow Account to be set up by the Settlement Administrator.

33.    "Settlement Website" means the website to be established by the Settlement Administrator that will inform members of the Settlement Class of the terms of this Settlement Agreement, their rights, dates and deadlines and related information, and shall include in .pdf format and available for download the following: (1) the Class Notice, (2) the Claim Form, (3) the Preliminary Approval Order, (4) this Settlement Agreement, (5) the Operative Complaint, and (6) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide the members of the Settlement Class with the ability to complete and submit the Claim Form electronically. The Settlement Website shall be deactivated one-hundred eighty (180) days after the Effective Date.

34.    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Plaintiffs, does not know or suspect to exist in his/her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members intend to and shall be

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and

benefits conferred to Settlement Class Members, including Plaintiffs, may hereafter discover facts

in addition to, or different from, those that they, and any of them, now know or believe to be true

with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and

each other Settlement Class Member shall be deemed to have, and by operation of the Judgment

shall have, upon the Effective Date, fully, finally and forever settled and released any and all

Released Claims, including Unknown Claims. The Parties acknowledge, and Settlement Class

Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing

waiver is a material element of the Settlement Agreement of which this release is a part.

1.1     "Valid Claims" means claims in an amount approved by the Settlement

Administrator or found to be valid through the claims processing.

### III.    <u>REQUIRED EVENTS</u>

35.    Class Counsel and Defendant's Counsel shall take all reasonable and necessary

steps to obtain entry of the Preliminary Approval Order and obtain entry of the Final Approval

Order. Class Counsel shall prepare and file all documents in connection with the Motion for

Preliminary Approval and the Motion for Final Approval.

36.    In the event that the Court fails to issue the Preliminary Approval Order, or fails to

issue the Final Approval Order, the Parties agree to use their best efforts, consistent with this

Settlement Agreement, to cure any defect(s) identified by the Court.

37.    The Parties acknowledge that prompt approval, consummation, and

implementation of the Settlement as set forth in this Agreement is essential. The Parties shall

cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement

Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take

any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated here.

**IV.    SETTLEMENT TERMS**

38.    <u>Settlement Fund:</u> Air Methods shall make a non-reversionary payment of $240,000, and deposit that payment into the Settlement Fund via an Escrow Account to be opened by the Settlement Administrator.

39.    No later than thirty (30) days after entry of the Preliminary Approval Order, and upon the receipt of sufficient payment information from the Settlement Administrator, Defendant will advance to the Settlement Administrator the cost of preparing and transmitting the Postcard Notice to Settlement Class Members. Defendant shall deposit the balance of the Settlement Fund within thirty (30) days of the Court's entry of the Final Approval Order. The Settlement Administrator shall establish a Qualified Settlement Fund (QSF), as defined by 26 C.F.R. 1.468B-1, for the deposit of the payment of the balance of the Settlement Fund. Under no circumstances will Defendant have any further monetary payment obligation other than the payment of the Settlement Fund.

40.    <u>Payments from Settlement Fund:</u> The costs of Settlement Administration, including notice and distributions to members of the Settlement Class, the costs of administrating the Settlement Fund, and reasonable fees of the Settlement Administrator, Plaintiffs' Counsel's Fees and Expenses, and Service Awards shall be paid exclusively from the Settlement Fund. There will be no reversion of the Settlement Fund to Air Methods.

41.    <u>Service Awards to the Class Representatives:</u> Class Counsel will move the Court for Service Award payments from the Settlement Fund for the Class Representatives in an amount

not to exceed two thousand five hundred dollars ($2,500) for each Class Representative, in recognition of the risks taken by them as the Class Representatives in commencing the Action, both financial and otherwise. Defendant agrees not to oppose Class Counsel's request for Service Award payments from the Settlement Fund in these amounts. If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund the Service Awards to the Class Representatives in the manner directed by Class Counsel within ten (10) days after the Effective Date.

42.      Payment of Plaintiffs' Counsel's Fees and Expenses: No later than fourteen (14) days prior to the Objection Date and Request for Exclusion Deadline, Class Counsel will move the Court for an award of Plaintiffs' Counsel's attorneys' fees to be paid from the Settlement Fund in an amount not to exceed one third of the total Settlement Fund, ($80,000), plus reasonable litigation costs and expenses. Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs and expenses awarded by the Court among Plaintiffs' counsel. If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund any Plaintiffs' Counsel's Fees and Expenses in the amounts awarded by the Court within ten (10) days after the Effective Date. Within ten (10) days of the Effective Date, Class Counsel will provide the Settlement Administrator with payment instructions. .

43.      Payment of Valid Claims to Class Members: Each member of the Settlement Class who submits a timely and valid Claim Form shall be paid from the Settlement Fund in the manner outlined in the Settlement Administration section below. As set forth below, the Settlement Fund will be used to pay for: (1) reimbursement for Documented Out-of-Pocket Losses, (2) pro rata cash payments, and (3) credit monitoring. Valid claims for Documented Out-of-Pocket Losses will be paid first. Valid claims for Pro Rata Cash Payments be paid last and will be increased or decreased

pro rata to consume the remaining amount of the Settlement Fund after payment for notice and Settlement Administration costs, Service Awards as approved by the Court, and Plaintiffs' Counsel's Fees and Expenses as awarded by the Court.

44.    CAFA Notice: Within ten (10) days of the filing of the Motion for Preliminary Approval, Air Methods shall provide notice to state Attorneys General or others as required by 28 U.S.C. § 1715(b).

### V.    **CLAIMS PROCESS**

45.    Members of the Settlement Class must submit a Claim Form to receive a distribution payment from the Settlement Fund. Each Settlement Class Member is limited to the submission of one Claim Form and in no event shall a Settlement Class Member receive more than one distribution of Settlement benefits. The Settlement Administrator will only issue Settlement distributions to Settlement Class Members who submit timely and valid Claim Forms. To be entitled to receive a distribution under this Agreement, Settlement Class Members must properly complete a Claim Form and timely deliver it to the Settlement Administrator within ninety (90) days from the Class Notice Date. Any Class Member who fails to submit a valid and timely Claim Form will not receive any payment under this Agreement.

46.    All Settlement Class Members may submit requests for Settlement benefits as set forth below:

### A.    **Reimbursement for Documented Out-of-Pocket Losses**

47.    All Settlement Class Members may submit a claim for Documented Out-of-Pocket Losses up to two thousand and five hundred dollars ($2,500) per individual.

48.    "Documented Out-of-Pocket Losses" means the unreimbursed costs or expenditures incurred by a Settlement Class Member between November 9, 2023 and the Claims

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

Deadline, as result of the Security Incident. Documented Out-of-Pocket Losses may include, but are not limited to, unreimbursed costs, expenses, or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Security Incident.

49.     Settlement Class Members who elect to submit a claim for reimbursement of Documented Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address, (2) a brief description of the claimed out-of-pocket expenses, and (3) documentation supporting their claimed losses. Documentation supporting the claimed losses can include receipts or other documentation supporting the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

50.     Settlement Class Members seeking reimbursement for Documented Out-of-Pocket Losses must complete and submit either a written or online claim form to the Settlement Administrator, postmarked or electronically submitted on or before the Claims Deadline. The claim form must be verified by the Settlement Class Member with an attestation that the claimant believes that the losses or expenses claimed were incurred as a result of the Security Incident.

**B.     Pro Rata Cash Payments**

51.     Settlement Class Members may also claim a pro rata cash payment in an amount estimated to be approximately seventy-five dollars ($75) by submitting a timely and valid claim form. The amount of the cash payment shall be increased or decreased on a pro rata basis, based on the funds remaining in the Settlement Fund following the payment of Plaintiffs' Counsel's Fees and Expenses, any Service Awards, the Costs of Settlement Administration, CAFA Notice, claims

for Documented Out-of-Pocket Losses, and the cost of identity theft protection and credit monitoring.

### C.    Identity Theft Protection and Credit Monitoring

52.    Settlement Class Members may submit a claim for two (2) years of Identity Defense Total Credit Monitoring, a state-of-the-art identity theft and credit monitoring product provided by CyEx.

53.    The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with weekly reports informing them of all Claim Forms received by the Settlement Administrator during each week following the Class Notice Date. No later than sixteen (16) days prior to the Final Approval Hearing, the Settlement Administrator must provide counsel with a Declaration reporting on the mailing of the Class Notice and identifying the number of Claim Forms, Requests for Exclusion and objections received, which shall be filed with the motion for final approval.

54.    <u>Disbursement of Settlement Payments and Checks:</u> Within thirty (30) days after the Effective Date, the Settlement Administrator will disburse payments for Valid Claims to each Settlement Class Member who submits a timely and valid Claim Form. Payments may be made by electronic payment or by paper check. In the event that the aggregated amount of payment of all Valid Claims exceeds the total amount of the Settlement Fund ($240,000), the value of the Settlement payments to each Settlement Class Member who submitted a Valid Claim shall be reduced on a pro rata basis, such that the aggregate value of all payments for all Valid Claims does not exceed the Settlement Fund (after payment of all Settlement Administration costs, Service Awards, and Plaintiffs' Counsel's Fees and Expenses). All pro rata reduction determinations shall be made by the Settlement Administrator.

55.    <u>Failure to Cash Settlement Checks:</u> Any Settlement check not cashed within one-hundred-twenty (120) days of issuance (based on the date of the check) will be deemed expired. Any member of the Settlement Class who does not cash their Settlement check within the aforementioned time period may petition the Settlement Administrator within thirty (30) days of the expiration of their uncashed check to reissue their Settlement check, and, good cause providing, the Settlement Administrator will issue a new check. Members of the Settlement Class are entitled to only one petition on this basis, and any Settlement check reissued for such reasonable circumstances will expire within thirty (30) days of issuance (based on the date of the check). Settlement Class Members who do not timely cash their Settlement checks and who fail to petition for a reissuance of the uncashed Settlement check will be considered as having waived any right to a cash payment under the Settlement Agreement. In no event will a Settlement Class Member be permitted to cash a check once the value of uncashed checks has been paid to a *cy pres* organization, as agreed to by the Parties and approved by the Court.

56.    <u>Payment of Uncashed Checks to a *Cy Pres* Organization:</u> The total amount of uncashed Settlement checks will be paid to a charitable organization to be agreed upon by Defendant and Class Counsel and approved by the Court.

## VI.    **SETTLEMENT ADMINISTRATION**

57.    <u>Engagement of Settlement Administrator:</u> Upon entry of the Preliminary Approval Order, the Parties shall engage Simpluris as the Settlement Administrator. Simpluris shall be paid reasonable Settlement Administration costs exclusively from the Settlement Fund.

58.    <u>Settlement Class Member Information:</u> No later than ten (10) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the name and last known physical address of each Settlement Class Member that Defendant possesses.

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

For any Settlement Class Member whose information does not include a valid address, the Settlement Administrator shall use the available information to conduct a reverse look-up search to obtain a physical address to mail the Notice. The Settlement Class Member Information and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Settlement Agreement and shall not be used for any other purpose at any time. Except to administer the settlement as provided in this Settlement Agreement the Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Settlement Class Member Information.

59.    <u>Duties of Settlement Administrator:</u> In addition to other duties as set forth in this Agreement, the Settlement Administrator shall be responsible for the following:

a)    Preparing, printing, and disseminating the Postcard Notice to Settlement Class Members;

b)    Within thirty (30) days after the entry of the Preliminary Approval Order (the Class Notice Date), sending by First Class Mail the Postcard Notice to all Settlement Class Members. Before any mailing under this paragraph occurs, the Settlement Administrator shall run the postal addresses of Settlement Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS. In the event that a Postcard Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Settlement Administrator shall re-send the Postcard Notice to the forwarding address within ten (10) days of receiving the returned Postcard Notice. In the event that subsequent to the first mailing of a Postcard Notice, and at least fourteen (14) days prior to the Objection Date and Request for

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

Exclusion Deadline, a Postcard Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Postcard Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing;

c)    Maintaining the Settlement Website and toll-free number with recorded answers for ninety (90) days following the Effective Date.

d)    Keeping track of Requests for Exclusion, including maintaining the original mailing envelope in which each request was mailed;

e)    Keeping track of Claim Forms, including maintaining the original mailing envelope in which each form was mailed;

f)    Keeping track of objections, including maintaining the original mailing envelope in which each objection was mailed;

g)    Keeping track of all other communications from Settlement Class Members, including maintaining the original mailing envelope in which any communication was mailed;

h)    Maintaining adequate records of its activities, including the dates of each mailing of the Postcard Notices, returned mail and other communications, and attempted written or electronic communications with Settlement Class Members;

i)      Promptly furnishing to counsel for the Parties (i) copies of any Requests for Exclusion, (ii) copies of any objections, and (iii) all other written or electronic communications received from Settlement Class Members;

j)      Determining whether Requests for Exclusion comply with the terms of this Agreement and are timely and valid and effective to exclude the submitting Settlement Class Member from the Class;

k)      Determining whether Claim Forms comply with the terms of this Agreement and are timely and valid;

l)      Promptly preparing and distributing any rejection of a Request for Exclusion to the submitting Settlement Class Member. Rejections shall set forth the reasons for rejection, including the reason(s) the Request for Exclusion fails to comply with the terms of this Agreement;

m)      Promptly preparing and distributing notices of deficiencies to the submitting Settlement Class Member that set forth the reasons their Claim Form is deficient, including the reason(s) the Claim Form fails to comply with the terms of this Agreement;

n)      Delivering to the Parties' counsel in a reasonably timely manner, but in no event later than sixteen (16) days before the Final Approval Hearing, a written report concerning all Requests for Exclusion (valid and invalid), all Claim Forms (valid and deficient), and all objections (valid and invalid);

o)      Establishing a Qualified Settlement Fund (QSF), as defined by 26 C.F.R. 1.468B-1, for the deposit of the Settlement Fund payment, ensuring that all taxes associated with the administration of the Settlement Fund are timely paid to the appropriate tax

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

authorities and all tax filings are timely filed, which taxes shall be paid from the Settlement Fund;

p)      Determining the payment to each member of the Settlement Class who submits a Valid Claim in accordance with this Agreement;

q)      No later than thirty (30) days after the Effective Date, distributing payments to each Settlement Class Member who submitted a Valid Claim sending an electronic payment or check by First Class Mail to each Settlement Class Member in the amount of his or her approved claim;

r)      No later than ten (10) days after the Effective Date, distributing any Service Awards approved by the Court in the amount of the award approved by the Court as set forth above;

s)      No later than ten (10) days after the Effective Date, preparing and distributing, in accordance with this Agreement and the Final Approval Order, Plaintiffs' Counsel's Fees and Expenses; and

t)      Confirming in writing its completion of the administration of the Settlement.

u)      Costs of Settlement Administration: All reasonable expenses incurred in administering this Settlement, including, without limitation, the cost of the Postcard Notice, Settlement Website, and toll-free telephone line, the cost of distributing and administering the Settlement benefits, and the Settlement Administrator's reasonable costs shall be paid to the Settlement Administrator from the Settlement Fund, subject to the approval of the Court.

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

## VII.    REQUESTS FOR EXCLUSION BY CLASS MEMBERS

60.    Any Settlement Class Member may make a Request for Exclusion by mailing such request in writing to the Settlement Administrator at the address set forth in the Class Notice. Any Request for Exclusion must be postmarked no later than sixty (60) days after the Class Notice Date. The Request for Exclusion shall (i) state the Settlement Class Member's full name and current address and signature, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Settlement Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Settlement Class Member being bound by the terms of the Settlement.

61.    Any Settlement Class Member who submits a timely Request for Exclusion may not make any objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

62.    The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a weekly report informing them of any Requests for Exclusion received by the Settlement Administrator during each week following the Class Notice Date. The Settlement Administrator must provide Class Counsel and Defendant's Counsel with a declaration identifying all Settlement Class Members who requested exclusion from the Settlement and indicating those requests that were untimely no later than sixteen (16) days prior to the Final Approval Hearing. Class Counsel will file with the Court and serve Defendant with the declaration along with their Motion for Final Approval.

63.    No party will solicit or encourage Requests for Exclusion. Any attempt to do so by Plaintiffs or Defendant will be deemed a breach of this Settlement Agreement.

## VIII.   OBJECTION TO SETTLEMENT BY CLASS MEMBERS

64.      Any Settlement Class Member may make an objection to the proposed Settlement by mailing a letter to the Settlement Administrator at the address set forth in the Class Notice. Any objection to be considered valid must be mailed and postmarked no later than the Objection Date, i.e., sixty (60) days from the Class Notice Date. Class Counsel must file all objections with the Court, with service to all Parties' counsel not later than fourteen (14) days after the Objection Deadline. Any Settlement Class Member who has submitted a Request for Exclusion may not submit any objections or speak at the Final Approval Hearing.

65.      To state a valid objection to the Settlement, an objecting Settlement Class Member must mail a letter to the Settlement Administrator setting forth all of the following information in writing: (i) the objector's full name, current address, current telephone number, and be personally signed, (ii) the case name and case number, *Williams et al. v. Air Methods*, *LLC*, Civil Action No.1:24-cv-00642-NRN, (iii) documentation sufficient to establish membership in the Settlement Class, such as a copy of the Postcard Notice he or she received, (iv) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s), (v) copies of any other documents that the objector wishes to submit in support of his/her position, (vi) whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and (v) whether the objecting Settlement Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

66.      Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court. By this provision, the Parties are not waiving and are expressly preserving their right to contest any appearance by

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

an objector on any grounds, or from asserting any and all other potential defenses and privileges to any such appearance.

67.     The agreed-upon procedures and requirements for submitting objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Settlement Class Members. The Preliminary Approval Order and Class Notice will require all Settlement Class Members who have any objections to submit the objections to the Settlement Administrator at the address set forth in the Postcard Notice, by no later than the Objection Date.

68.     Class Counsel will defend the Court's Final Approval Order and any related orders in the event of an appeal.

## IX.     <u>RELEASE OF CLAIMS</u>

69.     Plaintiffs and Settlement Class Members who fail to timely make a valid Request for Exclusion from the Settlement fully and finally release Defendant and the other Released Parties from any and all past, present, and future claims and causes of action related to the Security Incident, including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq.*, and all similar statutes in effect in any states in the United States as defined below; state consumer-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of third-party beneficiary contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or

common law duty; and including, but not limited to, any and all claims for damages, injunctive

relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses,

pre-judgment interest, credit monitoring services, the creation of a fund for future damages,

statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the

appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or

unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief

that either has been asserted, was asserted, or could have been asserted, by any Settlement Class

Member against any of the Released Parties based on, relating to, concerning or arising out of the

alleged Security Incident or the allegations, transactions, occurrences, facts, or circumstances

alleged in or otherwise described in the Action. Released Claims shall not include the right of any

Settlement Class Member or any of the Released Parties to enforce the terms of the settlement

contained in this Settlement Agreement, and shall not include the claims of any Person who has

timely excluded themselves from the Class.

70.    Upon the Effective Date, Defendant shall be deemed to have, and by operation of

the Final Approval Order shall have, fully, finally, and forever released, relinquished, and

discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel of all

claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution

of the Action or the Released Claims, except for enforcement of the Settlement Agreement and

except as to Settlement Class Members who submit a timely and valid Request for Exclusion from

the Settlement.

71.    This Settlement Agreement does not affect the rights of Settlement Class Members

who submit a timely and valid Request for Exclusion from the Settlement.

72. Upon issuance of the Final Approval Order (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have opted out in accordance with the provisions hereof, (ii) Defendant and the other Released Parties shall not be subject to liability or expense of any kind to any Settlement Class Member(s) for reasons related to the Action except as set forth herein, and (iii) Settlement Class Members shall be permanently barred from initiating, asserting or prosecuting any and all Released Claims against Defendant and the other Released Parties.

## X.    REPRESENTATIONS, WARRANTIES, AND COVENANTS

73. Class Counsel represents and warrants that they have the authority, on behalf of Plaintiffs, to execute, deliver and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid and binding obligation.

74. Air Methods, through its undersigned attorneys, represents and warrants that it has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery and performance by Air Methods of this Settlement Agreement and the consummation by it of the actions contemplated hereby have been duly authorized by Air Methods. This Settlement Agreement has been duly and validly executed and delivered by Air Methods and constitutes its legal, valid and binding obligation.

## XI.    MISCELLANEOUS PROVISIONS

75. The Parties agree, for purposes of this settlement only, to the certification of the Settlement Class.

76.    This Settlement Agreement is not to be used in evidence (except in connection with
obtaining approval of this Settlement Agreement and enforcing its terms) and shall not at any time
be construed or deemed to be any admission or concession by Defendant with respect to any
alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this
Settlement Agreement results in entry of a Final Approval Order as contemplated herein.
Defendant specifically denies all of the allegations made in connection with the Action. Neither
this Settlement Agreement nor any class certification pursuant to it shall constitute, in this or in
any other proceeding, an admission by Defendant, or evidence or a finding of any kind, that any
requirement for class certification is satisfied with respect to the Action, or any other litigation,
except for the limited purpose of settlement pursuant to this Settlement Agreement. This
Settlement Agreement also is made with the Parties' express understanding and agreement that if
for any reason this Settlement is not approved by the Court, Defendant may continue to contest
and deny that any class, including the proposed Settlement Class, is suitable for certification as a
class under the law of any jurisdiction.

77.    This    Settlement    Agreement    is    entered    into    only    for    purposes    of
settlement. In the event that the Final Approval Order is not entered, or a Final Approval Order is
subsequently reversed on appeal, the Parties agree to use their best efforts to cure any defect(s)
identified by the Court. If, despite their best efforts, the Parties cannot cure said defects, this
Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or
condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation,
documentation or other part or aspect of the Parties' settlement discussions, shall have any effect,
nor shall any such matter be admissible in evidence for any purpose, or used for any purposes

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

whatsoever in the Action, and all Parties shall be restored to their prior rights and positions as if the Settlement Agreement had not been entered into.

78.    The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

79.    This Settlement Agreement may not be modified or amended except in writing and signed by all of the Parties.

80.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

81.    Except as otherwise provided in this Settlement Agreement, each Party shall bear his, her or its own costs of the Action.

82.    The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in any of the Settlement papers.

83.    The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the release. The Final Approval Order will provide that the Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of this Settlement Agreement, including, but not limited to, orders enjoining

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

Class Members from prosecuting claims that are released pursuant to this Settlement Agreement as provided herein, and allowing for discovery related to objectors, if any.

84.     The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

85.     This Settlement Agreement constitutes the entire, fully integrated agreement among the Parties and cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the Settlement of the Action.

86.     The Parties agree that any unresolved disputes regarding the meaning of the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or as to any disagreement regarding the manner in which any issue or dispute arising under this Settlement Agreement should be resolved, shall be submitted to the Court for resolution.

87.     All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Agreement or by order of the Court, the day of the act, or default, from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period shall run

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

until the end of the next day that is not one of the aforementioned days. Each of the Parties reserves the right, subject to the Court's approval, to seek any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement, and to modify or supplement any notice contemplated hereunder.

88.     Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Agreement shall not be deemed a waiver of any provision of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

89.     All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

<table>
<tr><td>

For Class Counsel:

David K. Lietz
**Milberg Coleman Bryson Phillips Grossman PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, DC 20015
Telephone: 866-252-0878
Email: dlietz@milberg.com
</td><td>

For Air Methods:

Casie D. Collignon #35160
Keeley O. Cronin # 54693
**Baker & Hostetler LLP**
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: 303.861.0600
Fax: 303.861.7805
E-Mail: ccollignon@bakerlaw.com
            kcronin@bakerlaw.com
</td></tr>
</table>

**[SIGNATURES ON FOLLOWING PAGES]**

IN WITNESS WHEREOF, Plaintiffs and Air Methods, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Class Counsel

DATED this 12th day of July, 2024

By: /s/ _David K Lietz_

David K. Lietz
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
E-mail: dlietz@milberg.com

By: /s/ _Rachel Williams_
Rachel Williams (Jul 12, 2024 18:04 EDT)
Rachel Williams
Plaintiff

By: /s/ _____
Genoveva Milton
Plaintiff

Counsel for Air Methods, LLC
Duly Authorized Signatory

DATED this 12th day of July, 2024

By: /s/ _Casie C_

Casie D. Collignon (35160)
Keeley O. Cronin (54693)
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone: (303) 861-0600
E-mail: ccollignon@bakerlaw.com
        kcronin@bakerlaw.com

Docusign Envelope ID: 245BD070-6074-47BD-89FE-0A72C847833B

IN WITNESS WHEREOF, Plaintiffs and Air Methods, by and through their respective

counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Class Counsel

Counsel for Air Methods, LLC
Duly Authorized Signatory

DATED this __ day of_____, 2024

DATED this 12th day of July, 2024

By: /s/_____

By: /s/_____

David K. Lietz
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
E-mail: dlietz@milberg.com

Casie D. Collignon (35160)
Keeley O. Cronin (54693)
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone: (303) 861-0600
E-mail: ccollignon@bakerlaw.com
         kcronin@bakerlaw.com

By: /s/_____
Rachel Williams
Plaintiff

By: /s/_____
Genoveva Milton
Plaintiff

# Exhibit A

Air Methods, LLC Security Incident Settlement Administrator

[ADD ADDRESS and WEBSITE]

**Your Claim Form Must Be Submitted Electronically or Postmarked by [ADD DATE]**

*Williams et al. v. Air Methods, LLC,* Civil Action No.1:24-cv-00642-NRN
United States District Court for the District of Colorado

## SETTLEMENT PAYMENT CLAIM FORM

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE RECEIVED ONLINE AT [INSERT WEBSITE] OR POSTMARKED NO LATER THAN [INSERT DATE].**

**ATTENTION**: This Claim Form may be used by individuals who received direct notice from Air Methods, LLC ("Air Methods" or "Defendant") that their Personal Information may have been implicated in a November 2023 security incident in which a criminal third-party stole a laptop that may have contained patient information ("Security Incident"). All Settlement Class Members are eligible to claim: (i) up to two thousand five hundred dollars ($2,500) reimbursement of documented out-of-pocket losses that are reasonably traceable to the Security Incident ("Documented Out-of-Pocket Losses"); (ii) a pro rata cash payment estimated to be seventy-five dollars ($75) ("Pro Rata Cash Payment"); and (iii) two years of Identity Defense Total Credit Monitoring ("Credit Monitoring").

To submit a Valid Claim, you must have been identified as a Settlement Class Member and received Postcard Notice of this Settlement with a **unique Claim Number**. You are a Settlement Class Member if you received direct notice that your Personal Information may have been implicated in the Security Incident.

You may file a claim for reimbursement for Documented Out-of-Pocket Losses. Documented Out-of-Pocket Losses consist of actual, documented out-of-pocket monetary losses, up to two thousand five hundred dollars ($2,500).

In addition to seeking reimbursement for Documented Out-of-Pocket Losses, you may also make a claim for a Pro Rata Cash Payment estimated to be seventy-five dollars ($75).

In addition to the Documented Out-of-Pocket Losses and Pro Rata Cash Payment, you may also make a claim for two years of Credit Monitoring.

**PLEASE BE ADVISED** that any documentation you provide in support of your Documented Out-of-Pocket Losses claim must be submitted **WITH** this Claim Form. No documentation is required for claiming the Pro Rata Cash Payment or the Credit Monitoring.

**CLAIM VERIFICATION:** All claims are subject to verification. You will be notified if additional information is needed to verify your claim.

**ASSISTANCE:** If you have questions about this Claim Form, please visit the Settlement Website at [INSERT] for additional information or call [INSERT PHONE NUMBER].

**PLEASE KEEP A COPY OF YOUR CLAIM FORM AND PROOF OF MAILING FOR YOUR RECORDS.**

**Failure to submit required documentation, or to complete all parts of the Claim Form, may result in denial of the claim, delay its processing, or otherwise adversely affect the claim.**

## REGISTRATION

First Name: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚     MI: ⬚     Last Name: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

Mailing Address: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

City: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚     State: ⬚⬚     ZIP Code: ⬚⬚⬚⬚⬚

Telephone Number: ⬚⬚⬚-⬚⬚⬚-⬚⬚⬚⬚

Email Address: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

**Please provide the Claim Number identified in the Postcard Notice that was mailed to you:**

⬚⬚⬚⬚⬚⬚⬚

*Instructions. Please follow the instructions below and answer the questions as instructed.*

## CLAIM INFORMATION

*Section A. Confirm Your Eligibility*

**Did you receive a unique Claim Number indicating that you may be a member of the Settlement Class?**

☐ Yes ☐ No

*If yes, continue to the next question. If no, you are not a member of the Settlement Class and do not qualify to file a claim.*

*Section B. Reimbursement for Documented Out-of-Pocket Losses*

You may submit a claim for reimbursement of documented out-of-pocket losses reasonably traceable to the Security Incident.

If it is verified that you meet all the criteria described in the Settlement Agreement and you submit the dollar amount of those losses along with sufficient documentation, you will be eligible to receive a payment compensating you for your losses of up to two thousand five hundred dollars (**$2,500**).

Examples of documentation that can be used to support your claim include: receipts, account statements, etc. You may also support your claim by submitting information on the Claim Form that describes the

expenses and how they were incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

Providing documentation for your claimed losses does not guarantee that you will be entitled to receive the full amount claimed. All Valid Claims will also be subject to an aggregate maximum payment amount, as explained in the Settlement Agreement. If the amount of losses claimed exceeds the maximum amount of money available under the Settlement Agreement, then the payment for your claim will be reduced on a pro rata basis. If you would like to learn more, please review the Settlement Agreement for further details.

Payment for your Valid Claim will be paid directly to you electronically unless you request to be paid by check as indicated below.

**If you expended money as a result of fraud or identity theft reasonably traceable to the Security Incident, you are eligible to see reimbursement for those documents, out-of-pocket losses. Examples include, without limitation:**

- Unreimbursed losses relating to fraud or identity theft;
- Professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;
- Costs associated with freezing or unfreezing credit with any credit reporting agency;
- Credit monitoring costs that were incurred on or after November 9, 2023; and
- Other expenses reasonably attributable to the Security Incident, such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges.

For each loss that you believe can be traced to the Security Incident, please provide a description of the loss, the date of the loss, the dollar amount of the loss, and the type of documentation you will be submitting to support the loss. **You must provide this information for this Claim Form to be processed**. Supporting documentation must be submitted alongside this Claim Form. **If you fail to provide sufficient supporting documents, the Settlement Administrator will deny your claim.** Please provide only copies of your supporting documents and keep all originals for your personal files. The Settlement Administrator will have no obligation to return any supporting documentation to you. A copy of the Settlement Administrator's privacy policy is available at [Insert Website]. Please do not directly communicate with Air Methods regarding this matter. All inquiries are to be sent to the Settlement Administrator.

Examples of documentation include receipts for identity theft protection services, etc.

| Description of the Loss | Date of Loss | Amount | Type of Supporting Documentation |
|---|---|---|---|
| Example: Unauthorized credit card charge | [ ][ ] - [ ][ ] - [ ][ ]  M M   DD   YY | $50.00 | Letter from Bank |
| Example: Fees paid to a professional to remedy a falsified tax return | [ ][ ] - [ ][ ] - [ ][ ]  M M   DD   YY | $25.00 | Copy of the professional services bill |
| | [ ][ ] - [ ][ ] - [ ][ ]  MM   DD   YY | $[ ][ ][ ] • [ ][ ] | |
| | [ ][ ] - [ ][ ] - [ ][ ]  MM   DD   YY | $[ ][ ][ ] • [ ][ ] | |

| | MM | - | DD | - | YY | $ | | | | | • | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | MM | - | DD | - | YY | $ | | | | | • | | | |
| | MM | - | DD | - | YY | $ | | | | | • | | | |
| | MM | - | DD | - | YY | $ | | | | | • | | | |
| | MM | - | DD | - | YY | $ | | | | | • | | | |
| | MM | - | DD | - | YY | $ | | | | | • | | | |
| | MM | - | DD | - | YY | $ | | | | | • | | | |
| | MM | - | DD | - | YY | $ | | | | | • | | | |
| | MM | - | DD | - | YY | $ | | | | | • | | | |

By checking the below box, I hereby declare under penalty of perjury that the information provided in this Claim Form to support the claimed Documented Out-of-Pocket Losses is true and correct.

☐ **Yes, I understand that I am submitting this Claim Form and the affirmations it makes as to my seeking relief for Documented Out-of-Pocket Losses under penalty of perjury. I further understand that my failure to check this box may render my claim for Documented Out-of-Pocket Losses null and void.**

*Section C. Pro Rata Cash Payment*

In addition to compensation for Documented Out-of-Pocket Losses, you may also make a claim for a Pro Rata Cash Payment estimated to be seventy-five dollars ($75).

The amount of this pro rata cash payment may increase or decrease depending upon the number of Valid Claims made.

By checking the below box, I choose a Pro Rata Cash Payment of seventy-five dollars ($75).

☐ **Yes, I choose a Pro Rata Cash Payment of seventy-five dollars ($75).**

*Section D. Identity Theft Protection and Credit Monitoring*

In addition to the Documented Out-of-Pocket Losses and Pro Rata Cash Payment, you may also make a claim for two years of Identity Defense Total Credit Monitoring. An activation code for this service will be emailed to you after the Settlement is finally approved by the Court and the time for all appeals has expired.

By checking the below box, I choose to receive two years of 1Identity Defense Total Credit Monitoring.

☐ ***Yes, I choose to receive two years of Identity Defense Total Credit Monitoring.***

*Section E. Payment*

**Please select the manner in which payment will be issued for your Valid Claim.**

- PayPal*:         ❑    _____ (PayPal Email Address)
- Venmo*:         ❑    _____ (Venmo Email Address)
- Zelle*:          ❑    _____ (Zelle Email Address)
- Paper Check via  ❑
  Mail                   _____

*If you select payment via PayPal, Venmo or Zelle, the email address entered on this form will be used to process the payment to your account linked to that email address.

*Section E. Settlement Class Member Affirmation*

By submitting this Claim Form and checking the box below, I declare that I received notification from Air Methods that my Personal Information may have been implicated in the Security Incident. I declare that the claim of losses I have submitted are reasonably traceable to the Security Incident.

I understand that my claim and the information provided above will be subject to verification.

By submitting this Claim Form, I certify that any documentation that I have submitted in support of my claim consists of unaltered documents in my possession.

☐ **Yes, I understand that my failure to check this box may render my claim null and void.**

Please include your name in both the Signature and Printed Name fields below.

Signature: _____

Print Name: _____

Date: _____

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE MAILED BY OR
RECEIVED ONLINE AT [INSERT WEBSITE]
NO LATER THAN [INSERT CLAIMS DEADLINE]**

# EXHIBIT B

**NOTICE OF CLASS ACTION SETTLEMENT**

United States District Court for the District of Colorado
*Williams et al. v. Air Methods, LLC*
Civil Action No.1:24-cv-00642-NRN

<u>To:</u>    **All individuals who received direct notice that their Personal Information may have been implicated in a November 2023 Security Incident.**

A proposed settlement has been reached in the putative class action lawsuit titled *Williams et al. v. Air Methods, LLC,* Civil Action No.1:24-cv-00642-NRN (the "Action"). The Action arises out of Plaintiffs' claims against Air Methods, LLC ("Defendant" or "Air Methods") related to a November 2023 security incident in which a criminal third-party stole a laptop that may have contained patient information ("Security Incident.") Defendant denies all charges of wrongdoing or liability, and denies all claims or contentions alleged against it.

If you received direct notice that your Personal Information may have been implicated in the Security Incident, you are included in this Settlement as a member of the Settlement Class.

Under the Settlement, Defendant has agreed to establish a $240,000 Settlement Fund which will be used to pay (i) Settlement benefits; (ii) the costs of Settlement Administration; (iii) Plaintiffs' Counsel's Fees and Expenses; and (iv) Service Awards.

Settlement Class Members may submit claims for benefits under the Settlement. Certain of the amounts paid will depend upon how many Settlement Class Members submit Valid Claims, but initially are set at the following amounts:

(1)    <u>Documented Out-of-Pocket Losses:</u> Reimbursement of up to two thousand five hundred dollars (**$2,500**) for unreimbursed costs or expenditures incurred by a Settlement Class Member between November 9, 2023 and the Claims Deadline, as result of the Security Incident. Documented Out-of-Pocket Losses may include, but are not limited to, unreimbursed costs, expenses, or charges incurred addressing or remedying identity theft, fraud, or misuse of Personal Information and/or other issues reasonably traceable to the Security Incident;

(2)    <u>Pro Rata Cash Payment:</u> In addition to payments for Documented Out-of-Pocket Losses, the Settlement provides for a Pro Rata Cash Payment estimated to be seventy-five dollars (**$75**); and

(3)    Two Years of Identity Defense Total Credit Monitoring, a state-of-the-art identity theft protection and credit monitoring service provided by Cyex.

Your legal rights will be affected whether you act or do not act. You should read this entire Notice carefully:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **File a Claim Form** <br> **Deadline: DATE** | You must submit a valid Claim Form to receive a cash payment or credit monitoring from this Settlement. |

1

| | If you submit a Claim Form, you will give up the right to sue Defendant and the other Released Parties (as defined in the Settlement Agreement) in a separate lawsuit about the legal claims this Settlement resolves. |
|---|---|
| **Exclude Yourself from This Settlement** Deadline: <mark>DATE</mark> | You may exclude yourself from this Settlement and keep your right to sue separately. If you exclude yourself, you will receive no payment. Exclusion instructions are provided in this Notice. |
| **Object to or Comment on the Settlement** Deadline: <mark>DATE</mark> | If you do not exclude yourself, you may write to the Court to comment on or detail why you do not like the Settlement by following the instructions in this Notice. The Court may reject your objection. You must still file a Claim Form if you desire any monetary relief under the Settlement. |
| **Go to the Final Approval Hearing on** <mark>DATE</mark> | You may attend the Final Approval Hearing where the Court may hear arguments concerning approval of the Settlement. If you wish to speak at the Final Approval Hearing, you must make a request to do so in your written objection or comment. You are not required to attend the Final Approval Hearing. |
| **Do Nothing** | If you do nothing, you will receive no cash payment or credit monitoring and will no longer be able to sue Defendant or the other Released Parties over the claims resolved in the Settlement. |

The Court must give final approval to the Settlement before it takes effect, but has not yet done so. No payments will be made until after the Court gives final approval and any appeals are resolved.

**Please review this Notice carefully.** You can learn more about the Settlement by visiting **www._____.com** or by calling 1-800-XXX-XXXX.

## Further Information about this Notice and the Action

*1.    Why was this notice issued?*

Settlement Class Members are eligible to receive benefits from a proposed Settlement in the Action. The Court overseeing the Action authorized this notice to advise Settlement Class Members about the proposed Settlement that will affect their legal rights. This notice explains certain legal rights and options Settlement Class Members have in connection with the Settlement.

*2.    What is the Action about?*

The Action is a putative class action lawsuit brought on behalf of all individuals who received direct notice that their Personal Information may have been implicated in a November 2023

security incident in which a criminal third-party stole a laptop that may have contained patient information ("Security Incident").

The Action claims that Defendant is legally responsible for the Security Incident and asserts various legal claims including negligence, negligence *per se*, breach of implied contract, and unjust enrichment. Defendant denies each and all of the claims and contentions alleged against it in the Operative Complaint. Defendant denies all charges of wrongdoing or liability as alleged, or which could be alleged.

*3.     Why is the Action a class action?*

In a class action, one or more representative plaintiffs bring a lawsuit on behalf of others who have similar claims. Together, all these people are the "Settlement Class," and each individual is a "Settlement Class Member." There are two Class Representatives in this case: Rachel Williams and Genoveva Milton.

*4.     Why is there a Settlement?*

The Plaintiffs in the Action, through their attorneys, investigated the facts and law relating to the issues in the Action. The Plaintiffs and Class Counsel believe that the Settlement is fair, reasonable, and adequate and will provide substantial benefits to the Settlement Class. The Court has not decided whether the Class Representatives' claims or Defendant's defenses have any merit, and it will not do so if the proposed Settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial, and members of the Settlement Class who submit Valid Claims will receive certain benefits. The Settlement does not mean that Defendant did anything wrong, or that the Class Representatives and the Settlement Class would or would not win the case if it were to go to trial.

## Terms of the Proposed Settlement

*5.     Who is in the Settlement Class?*

The Settlement Class is defined as "all individuals who received direct notice that their Personal Information may have been implicated in the November 2023 Security Incident."

Excluded from the Settlement Class are the following individuals and/or entities: (1) Air Methods, LLC and its officers and directors; (2) all persons who submit a timely and valid request for exclusion from the Settlement Class; (3) the Court; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident, or who pleads *nolo contendere* to any such charge.

*6.     What are the terms of the Settlement?*

The proposed Settlement includes a Settlement Fund of two hundred and forty thousand dollars ($240,000) that will be used to pay all costs of the Settlement, including: (i) Settlement benefits; (ii) the costs of Settlement Administration; (iii) Plaintiffs' Counsel's Fees and Expenses, not to

exceed one third of the Settlement Fund, or eighty thousand dollars ($80,000); and (iv) Service Awards, not to exceed two thousand five hundred dollars ($2,500) to each Class Representative.

The Settlement also releases all Released Claims (as defined in the Settlement Agreement) against all Released Parties.

7.    *What claims are Settlement Class Members giving up under the Settlement?*

Settlement Class Members who do submit timely and valid Requests for Exclusion will be bound by the Settlement and any final judgment entered by the Court and will give up their right to sue Defendant or the other Released Parties for the claims being resolved by the Settlement, including all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Security Incident. The claims that Settlement Class Members are releasing are described in the Settlement Agreement.

### **Payments to Settlement Class Members**

8.    *What kind of payments can Settlement Class Members receive?*

Settlement Class Members who submit Valid Claims and any required documentation may receive one or more of the following, to be paid from the Settlement Fund: (i) Documented Out-of-Pocket Losses, which provides reimbursement of up to two thousand and five hundred dollars ($2,500) for any documented out-of-pocket losses; (ii) a Pro Rata Cash Payment estimated to be seventy-five dollars ($75); and (iii) two years of Identity Defense Total Credit Monitoring ("Credit Monitoring").

Depending on how many Valid Claims are submitted, the amounts of the Pro Rata Cash Payment will be adjusted upward or downward proportionally among Settlement Class Members submitting Valid Claims for those awards, as explained further below in Question 11.

9.    *What are Documented Out-of-Pocket Losses?*

Documented Out-of-Pocket Losses: Documented Out-of-Pocket Losses means the unreimbursed costs or expenditures incurred by a Settlement Class Member between November 9, 2023 and the Claims Deadline, as result of the Security Incident. Settlement Class Members may seek reimbursement for up to two thousand and five hundred dollars ($2,500). Examples of Documented Out-of-Pocket Losses may include, but are not limited to, unreimbursed costs, expenses, or charges incurred addressing or remedying identity theft, fraud, or misuse of Personal Information and/or other issues reasonably traceable to the Security Incident.

To make a valid claim for Documented Out-of-Pocket Losses, you must provide documentation of these unreimbursed losses.

10.    *What is the Pro Rata Cash Payment?*

In addition, Settlement Class Members may also claim a Pro Rata Cash Payment in an amount estimated to be seventy-five dollars ($75), by submitting a timely and valid Claim Form regardless

of whether he or she experienced any unauthorized charges or identifiable losses related to the Security Incident. Settlement Class Members seeking a Pro Rata Cash Payment must provide the information required on the Claim Form. The seventy-five dollar ($75) cash payment is subject to upward or downward adjustment as described below in Question 11.

Eligibility for any award and the validity of your claim, including the Pro Rata Cash Payment, will be determined by the Settlement Administrator as outlined in Question 15.

*11.    When and how will the amount of Settlement payments be adjusted?*

The amount of the Pro Rata Cash Payments will be adjusted upward or downward from the amounts listed in Question 10 depending on how many Settlement Class Members submit Valid Claims.

If the total dollar value of all Valid Claims is less than the amount of money available in the Settlement Fund for payment of those claims, the amounts for Pro Rata Cash Payments will be adjusted upward proportionally among all Valid Claims for those awards, until the amounts remaining in the Settlement Fund are exhausted (or as nearly as possible).

If the total dollar value of all Valid Claims is more than the amount of money available in the Settlement Fund for payment of those Valid Claims, the amount of the payments for Pro Rata Cash Payments will be adjusted downward proportionally among all Settlement Class Members who submitted valid claims for Pro Rata Cash Payments.

12.    *What happens after all claims are processed and there are funds remaining?*

If there are any funds remaining after all Valid Claims are processed and the time to cash any payment checks has passed, those funds shall be distributed as directed by the Court, including potential distribution to a charitable organization. No remaining funds will be returned to Defendant.

**<u>Your Options as a Settlement Class Member</u>**

*13.    If I am a Settlement Class Member, what options do I have?*

If you are a Settlement Class Member, you do not have to do anything to remain in the Settlement. In order to receive payment or Credit Monitoring from the Settlement, you must submit a valid Claim Form.

If you do not want to give up your right to sue Defendant or the other Released Parties about the Security Incident or the issues raised in this Action, you must exclude yourself (or "opt out") from the Settlement Class. See Question 16 below for instructions on how to exclude yourself.

If you wish to object to the Settlement, you must remain a Settlement Class Member (i.e., you may not also exclude yourself from the Settlement Class by opting out) and submit a written objection. See Question 19 below for instructions on how to submit an objection.

*14.     What happens if I do nothing?*

If you do nothing, you will get no benefits from this Settlement. Unless you exclude yourself, after the Settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant or the other Released Parties related to the claims released by the Settlement.

*15.     Who decides my Settlement claim and how do they do it?*

The Settlement Administrator will decide whether a claim form is complete and valid and includes all required documentation. The Settlement Administrator may require additional information from any claimant. Failure to timely provide all required information will invalidate a claim and it will not be paid.

*16.     How do I exclude myself from the Settlement?*

To opt out of the Settlement you must make a signed, written request that includes (i) the name of the proceeding; (ii) your full name, current address and personal signature; and (iii) the words "Request for Exclusion" or a comparable unequivocal statement that you do not wish to participate in the Settlement. You must mail your request to this address:

<center>&lt;SETTLEMENT ADMINISTRATOR&gt;<br>**[INSERT REQUEST FOR EXCLUSION MAILING ADDRESS]**</center>

Your request must be submitted online or postmarked by **[OPT-OUT DEADLINE].**

*17.     If I exclude myself, can I receive any payment from this Settlement?*

No. If you exclude yourself, you will not be entitled to any award under the Settlement. However, you will also not be bound by any judgment in this Action.

*18.     If I do not exclude myself, can I sue Defendant for the Security Incident later?*

No. Unless you exclude yourself, you give up any right to sue Defendant and the other Released Parties for the claims that this Settlement resolves, known as the Released Claims. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a claim form requesting a payment.

*19.     How do I object to the Settlement?*

All Settlement Class Members who do not opt-out from the Settlement Class have the right to object to the Settlement or any part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different Settlement; the Court can only approve or

<center>6</center>

reject the Settlement. If the Court denies approval, no Settlement payments will be sent out and the Action will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing and it and any supporting papers must be mailed to this address:

<div align="center">

&lt;SETTLEMENT ADMINISTRATOR&gt;
**[INSERT OBJECTION MAILING ADDRESS]**

</div>

Your objection must be filed or postmarked no later than the objection deadline, [**INSERT OBJECTION DEADLINE**]. Class Counsel will then file your objection with the Court.

To be considered by the Court, your objection must list the name of the lawsuit pending in the United States District Court for the District of Colorado: *Williams et al. v. Air Methods*, *LLC*, Civil Action No.1:24-cv-00642-NRN, and include all of the following information: (i) your full name, address, telephone number, and email address (if any), (ii) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (such as the Notice you received from Air Methods or the Notice of this Settlement), (iii) a statement as to whether your objection applies only to yourself, to a specific subset of the Settlement Class, or to the entire Class, (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection you believe is applicable, (v) the identity of any counsel representing you, (vi) a statement of whether you intend to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel, (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of your objections and any documents to be presented or considered, and (viii) your signature and the signature of your duly authorized attorney or other duly authorized representative (if any).

If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

<div align="center">

**Court Approval of the Settlement**

</div>

*20.      How, when, and where will the Court decide whether to approve the Settlement?*

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement. That hearing is scheduled for _____, 202__ at _____ **a.m./p.m.** at the United States District Court for the District of Colorado, before Magistrate Judge N. Reid Neureiter, Alfred A. Arraj United States Courthouse, 901 19th Street, Room A401, Denver, Colorado 80294-3589. The Final Approval Hearing may be held via remote means. Please visit the Court's website at https://www.cod.uscourts.gov/ for current information regarding courthouse access and court hearings. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. The Court may also consider

Plaintiffs' Counsel's Fees and Expenses request, and the request for Service Awards for the Class Representatives. After the hearing, the Court will decide whether to approve the Settlement.

It is possible the Court could reschedule the Final Approval Hearing to a different date or time, or set the Final Approval Hearing to occur remotely without notice, so it is a good idea before the hearing to check www._____.com or access the Court docket in this case, for a fee, through the Court's Public Access System at https://ecf.cod.uscourts.gov to confirm the schedule if you wish to attend.

*21.    Do I have to attend the Final Approval Hearing?*

No. You do not need to attend the Final Approval Hearing unless you object to the Settlement and wish to appear in person. It is not necessary to appear in person in order to make an objection; the Court will consider any written objections properly submitted according to the instructions in Question 19. You or your own lawyer are welcome to attend the hearing at your expense, but are not required to do so.

*22.    What happens if the Court approves the Settlement?*

If the Court approves the Settlement and no appeal is taken, the Settlement Fund will be fully funded. The Settlement Administrator will pay the Plaintiffs' Counsel's Fees and Expenses and any Service Awards from the Settlement Fund. Then, the Settlement Administrator will send settlement payments to Settlement Class Members who submitted Valid Claims.

If any appeal is taken, it is possible the Settlement could be disapproved on appeal.

*23.    What happens if the Court does not approve the Settlement?*

If the Court does not approve the Settlement, there will be no Settlement payments to Settlement Class Members, Class Counsel or the Class Representatives, and the case will proceed as if no Settlement had been attempted.

**Lawyers for the Settlement Class and Defendant**

*24.    Who represents the Settlement Class?*

The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit:

<table>
<tr><td>
David K. Lietz, Esq.<br>
Gary M. Klinger, Esq.<br>
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN**<br>
5335 Wisconsin Avenue NW, Suite 440<br>
Washington, DC 20015<br>
(866) 252-0878
</td></tr>
</table>

Settlement Class Members will not be charged for the services of Class Counsel. Class Counsel will be paid out of the Settlement Fund, subject to Court approval. However, you may hire your own attorney at your own cost to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing.

25.    *How will the lawyers for the Settlement Class be paid?*

Class Counsel will request the Court's approval of an award for Plaintiffs' Counsel's Fees and Expenses up to one-third of the Settlement Fund, or eighty thousand dollars ($80,000), plus reasonable costs and expenses. Class Counsel will also request approval of Service Awards of two thousand five hundred dollars ($2,500) for each Class Representatives, which shall also be paid from the Settlement Fund.

26.    *Who represents Defendant in the Lawsuit?*

Defendant is represented by the following counsel:

| **Defendant's Counsel** |
|:---:|
| Casie D. Collignon, Esq.<br>Keeley O. Cronin, Esq.<br>**Baker & Hostetler LLP**<br>1801 California Street, Suite 4400<br>Denver, CO 80202<br>(303) 861-0600 |

### For Further Information

27.    *What if I want further information or have questions?*

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement and Release available at **www._____.com**, by contacting the Settlement Administrator at the following toll-free phone number (1-XXX-XXX-XXXX), by accessing the Court docket in this case, for a fee, through the Court's Public Access system at https://www.cod.uscourts.gov/ or by visiting the Clerk

of the Court, Alfred A. Arraj United States Courthouse 901 19th Street, Room A-105 Denver, Colorado 80294-3589 between 8:00 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays.

Simpluris will act as the Settlement Administrator for the Settlement. You can contact the Settlement Administrator at:

**[INSERT CONTACT INFO FOR SETTLEMENT ADMINISTRATOR]**

**Please do not contact the Court or Defendant's Counsel.**

# EXHIBIT C

<u>LEGAL NOTICE</u>

## If you received direct notice of a November 2023 Security Incident, you may be entitled to benefits from a class action settlement.

*A federal district court authorized this Notice.*

## (8XX) XXX-XXXX
**www.URL.com**

*Air Methods Settlement Administrator*
P.O. Box XXXXX
XXXXXX

First-Class
Mail
US Postage
Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

«ClassMemberID»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

A $240,000 settlement has been proposed in a putative class action lawsuit against Air Methods, LLC ("Defendant" or "Air Methods") relating to a November 2023 incident in which a criminal third-party stole a laptop that may have contained patient information ("Security Incident"). Defendant denies all allegations of wrongdoing or liability.

**Who is included?** Air Methods' records indicate that you are included in the Settlement Class. The Settlement Class includes all individuals who received direct notice that their Personal Information may have been implicated in the November 2023 Security Incident. ("Settlement Class").

**What does the Settlement provide?** The Settlement provides Settlement Class Members with the right to claim (1) compensation for Documented Out-of-Pocket Losses (up to $2,500); (2) a Pro Rata Cash Payment estimated to be $75; and (3) two years of Identity Defense Total Credit Monitoring.

**How do I get benefits?** You must complete and submit a Claim Form by **DATE**. Claim Forms are available and may be filed online at **www.URL.com**. Claim Forms also may be printed from the Settlement Website or requested by calling the Settlement Administrator and submitted by mail postmarked by **DATE**.

**What are my other options?** If you do not want to be legally bound by the settlement, you must exclude yourself by **DATE**. Unless you exclude yourself from the settlement, you will not be able to sue Air Methods or any other Released Parties for any claim released by the Settlement Agreement. If you do not exclude yourself from the settlement, you may object and notify the Court that you or your lawyer intend to appear at the Court's Final Approval Hearing. Objections must be filed by **DATE.**

**The Court's Final Approval Hearing.** The Court will hold a Final Approval Hearing in this case (*Williams et al. v. Air Methods, LLC,* Civil Action No.1:24-cv-00642-NRN) on **DATE, 2024, at X:XX p.m**. at the U.S. District Court in Denver, Colorado or by remote means. At this hearing, the Court will decide whether to approve: (1) the Settlement; (2) Class Counsel's request for up to $80,000 in attorneys' fees, plus reimbursement of costs; and (3) $2,500 Service Awards to each Class Representative. You may appear at the hearing, but you do not have to. You also may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

*This is only a summary of the settlement. For more information, visit URL.*

# **EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.1:24-cv-00642-NRN

RACHEL WILLIAMS and
GENOVEVA MILTON, individually
and on behalf of all others similarly situated,

      Plaintiffs,

v.

AIR METHODS, LLC,

      Defendant.

---

## [PROPOSED] PRELIMINARY APPROVAL ORDER

---

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant Air Methods, LLC. After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.    The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Settlement Class, the appointment of Plaintiffs Rachel Williams and Genoveva Milton as the Class Representatives, the appointment of David K. Lietz and Gary M. Klinger as Class Counsel for Plaintiffs and the Settlement Class, the approval of Simpluris as the Settlement

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

Administrator, the various forms of class relief provided under the terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.      The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> **the approximately 24,568 individuals who received direct notification that their Personal Information may have been implicated in the Security Incident.[2]**

3.      Based on the information provided, for the purposes of settlement only: the Settlement Class is ascertainable; it consists of roughly 24,568 Settlement Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information potentially implicated in the Security Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Settlement Class and allege they have been damaged by the same conduct as the other members of the Settlement Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4.      The Court appoints Plaintiffs Rachel Williams and Genoveva Milton as the Class Representatives.

5.      The Court appoints Gary M. Klinger and David K. Lietz of Milberg Coleman

---

[2] "Security Incident" shall mean the November 2023 incident in which a criminal third-party stole a laptop that may have contained certain patient information.

Bryson Phillips Grossman, PLLC as Class Counsel for the Settlement Class.

      6.     The Court appoints Simpluris as the Settlement Administrator.

      7.     A Final Approval Hearing shall be held before the Court on____[date]_____, 2024 at ___[time]_____, or by remote means, for the following purposes:

    a)     To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

    b)     To determine whether to grant Final Approval, as defined in the Settlement Agreement;

    c)     To determine whether the notice plan conducted was appropriate;

    d)     To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

    e)     To determine whether the requested Class Representative Service Awards of $2,500.00 each, and Class Counsel's attorneys' fees, of up to 1/3 of the Settlement Fund ($80,000) plus reasonable out-of-pocket litigation expenses should be approved by the Court;

    f)     To determine whether the settlement benefits are fair, reasonable, and adequate; and,

    g)     To rule upon such other matters as the Court may deem appropriate.

      8.     The Court approves, as to the form and content, the notices (including the Postcard Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Unopposed Motion for Preliminary Approval of Class Action Settlement, and

finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the

best notice practicable under the circumstances, and shall constitute due and efficient notice to all

persons or entities entitled to notice.

9.     The Court preliminarily approves the following Settlement Timeline for the

purposes of conducting the notice plan, Settlement Administration, claims processing, and other

execution of the proposed Settlement:

### SETTLEMENT TIMELINE

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant provides Class Member Information to the Settlement Administrator | +10 days after preliminary approval order |
| Long Form and Postcard Notices Posted on the Settlement Website | Upon Class Notice Date |
| Class Notice Date | +30 days after preliminary approval order |
| Plaintiffs' Counsel's motion for Fees and Expenses and Service Awards | -14 days before the Request for Exclusion and Objection Deadlines |
| Objection Deadline | +60 days after Class Notice Date |
| Request for Exclusion Deadline | +60 days after Class Notice Date |
| Claims Deadline | +90 days after Class Notice Date |
| | |
| **Final Approval Hearing** | _____, 2024 |
| Motion for Final Approval | -14 days from the Final Approval Hearing |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Payment of Plaintiffs' Counsel's Fees and Expenses and Service Awards | +10 days after Effective Date |
| Payment of Valid Claims to Settlement Class Members | +30 days of Effective Date |
| Settlement Website Deactivation | +180 days after Effective Date |

10.     In order to be a timely claim under the Settlement, a Claim Form must be either

postmarked or received by the Settlement Administrator no later than 90 days after the Class

Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and

deadlines are added to the Postcard Notice and posted on the Settlement Website after this Court
enters this Order in accordance with the timeline being keyed on the grant of this Order.

11.    Additionally, all requests to opt out or object to the proposed Settlement must be
postmarked by or received by the Settlement Administrator no later than 60 days after the Class
Notice Date. Any request for exclusion from the Settlement should, to the extent possible, contain
words or phrases such as "opt-out," "exclusion," or words or phrases to that effect indicating an
intent not to participate in the settlement or be bound by this Agreement to Simpluris. Requests
for Exclusion shall not be rejected simply because they were inadvertently sent to the Court or
Class Counsel so long as they are timely postmarked or received by the Court, Simpluris, or Class
Counsel. Settlement Class Members who seek to exclude themselves shall receive no benefit or
compensation under this Agreement.

12.    Settlement Class Members may submit an objection to the proposed Settlement
under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must Settlement
must be postmarked by or received by the Settlement Administrator no later than 60 days after the
Class Notice Date and include each and all of the following:

(i)    the objector's full name, current address, current telephone number, and be
personally signed,

(ii)    (ii) the case name and case number, *Williams et al. v. Air Methods*, *LLC*, Civil
Action No.1:24-cv-00642-NRN,

(iii)    documentation sufficient to establish membership in the Settlement Class, such as
a copy of the Postcard Notice he or she received,

(iv)    a statement of the position(s) the objector wishes to assert, including the factual and
legal grounds for the position(s),

(v)       (v) copies of any other documents that the objector wishes to submit in support of his/her position,

(vi)      whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and

(vii)     (v) whether the objecting Settlement Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection. Any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

13.    All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the releases, including the Released Claims, provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Air Methods, LLC in this Action.

14.    Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Settlement Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Air Methods, LLC or the other Released Parties.

15.    In the event that the Settlement Agreement is terminated pursuant to the terms of

the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the settlement) shall (i) be admissible into evidence for any purpose in this Action or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Air Methods, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

16.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

IT IS SO ORDERED.

/s/_____
The Honorable N. Reid Neureiter
United States Magistrate Judge